```
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-----------------------------------------------------------------------x
WILLIAM LEE, et al.,                                :
                                                    :
                Plaintiffs,                         :        Case No.: 19-cv-830
                                                    :
-against-                                           :
                                                    :
ISLAMIC REPUBLIC OF IRAN,                           :
                                                    :
                Defendant.                          :
                                                    :
-----------------------------------------------------------------------x
```

## ORDER APPOINTING PROFESSOR STEPHEN A. SALTZBURG AS SPECIAL MASTER

Pursuant to its authority under 28 U.S.C. § 1605A(e) and Federal Rule of Civil Procedure 53 to appoint a Special Master to hear damage claims brought under 28 U.S.C. § 1605A, the Court appoints Professor Stephen A. Saltzburg as Special Master to take evidence and file a report and recommendation regarding the compensatory damages claims of the 20 Plaintiffs implicated in the Court's recent liability decision, 2021 WL 325958 (D.D.C. Feb. 1, 2021) ("Feb. 1 Order").

In accordance with Rule 53, the Plan sets forth the Special Master's qualifications, duties, powers, compensation method, and method of appointment. Also, in accordance with Rule 53, the Special Master has supplied a declaration (filed with Plaintiffs' March 10, 2021 motion to a Special Master, ECF No. 42), asserting his impartiality and affirming that he has read and will abide by this Order. The Special Master has supplied his curriculum vitae, attached to his declaration. The Court finds the submission satisfactory and fully compliant with the mandates of Rule 53 and the Plan.

As Rule 53 requires, the Court sets out below the duties and terms of the Special Master's appointment.

I.   **Appointment**

Having reviewed Plaintiffs' Motion for Appointment of Professor Stephen A. Saltzburg as Special Master and Professor Saltzburg's accompanying declaration and curriculum vitae, the Court hereby appoints Professor Saltzburg to serve as Special Master in this case for the purpose of making recommendations to the Court concerning the proper amount of compensatory damages for the 20 Plaintiffs implicated in the Feb. 1 Order.

II.   **Powers and Duties**

The Special Master shall consider all issues related to compensatory damages as to each claim made by each of the 20 Plaintiffs, including recommending findings of fact and conclusions of law as to whether each Plaintiff has standing to seek damages under the statute. To do so, the Special Master shall have authority to exercise all powers set forth in Rule 53(c), including but not limited to the power to take and record evidence and administer oaths. Testimony may be received by sworn affidavits. All of Plaintiffs' evidence shall be preserved by Plaintiffs' counsel, who shall retain it for use by the Court. The Special Master shall be guided in reviewing and evaluating damages claims by Foreign Sovereign Immunities Act ("FSIA") opinions, including *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 269, 318 (D.D.C. 2006); *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 85 (D.D.C. 2010), and their progeny.

As to the admissibility of evidence, the Special Master shall be guided by the Federal Rules of Evidence, but it shall not be necessary for documents to be qualified as genuine pursuant to Fed. R. Evid. 901. Authentication shall be made by any counsel's representation as an officer of the Court that a proffered document is an accurate copy of what counsel proffers it to be. Moreover, the Special Master shall be guided by the opinion of the United States Court of Appeals for the D.C. Circuit in *Owens v. Republic of Sudan*, 864 F.3d 751 (D.C. Cir. 2017) with respect to the

entry of evidence in terrorism cases under the FSIA when defendants fail to appear and thereby default.

### III. *Ex Parte* Communications

The Special Master may communicate *ex parte* with the Court or with counsel for Plaintiffs to the extent that he determines it is reasonable and in aid of the efficient and economical resolution of his duties. Counsel for Plaintiffs may also communicate with the Special Master *ex parte* as reasonably necessary to facilitate the carrying out of his duties.

### IV. Reports

Within 90 days of receiving completed damages submissions for Plaintiffs' claims, the Special Master shall submit a report to the Court via ECF containing findings of fact and conclusions of law regarding each claim.

Pursuant to Rule 53(f)(2), any party may file an objection to a finding, report, or recommendation by the Special Master within 21 days of the date it was electronically filed. Failure to meet this deadline results in permanent waiver of any objection to the Special Master's findings, reports, or recommendations.

As provided in Rules 53(f)(3) and (4), the Court shall decide *de novo* all objections to, respectively, issues of fact and conclusions of law made or recommended by the Special Master. As provided in Rule 53(f)(5), the Court shall set aside a ruling by the Special Master on a procedural matter only for an abuse of discretion.

### V. Compensation

The FSIA provides that the Special Master appointed to hear damages claims brought under 28 U.S.C. § 1605A shall be compensated "from funds available for the program under section 1404C of the Victims of Crime Act of 1984." 28 U.S.C. § 1605A(e)(2). Within two weeks of the

entry of any damages award in this case, the Special Master shall file a motion with the Court seeking the Court's order that the Clerk coordinate payment with the Office for Victims of Crime, Office of Justice Programs, U.S. Department of Justice. The Special Master shall append to any such motions any vouchers itemizing, for each day of work, the amount of time worked, the nature of the work done, and the amount of any business or travel expense incurred. Such vouchers should also include a calculation of total pay sought.

For each day during which the Special Master works for an amount of time greater than zero but less than or equal to four hours, the Special Master shall be paid $600.00. For each day during which the Special Master works for an amount of time greater than four hours, the Special Master shall be paid $1,200.00. The Special Master shall also be paid for reasonable business expenses, excluding transportation expenses. Payment for such business expenses shall be limited to $50.00 per day such expenses are incurred. In addition, the Special Master shall be paid for reasonable transportation expenses, if any, incurred. Should any question arise as to expenses, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern and, subject to the above limitation, all expenses qualifying as business expenses under Treas. Reg. § 1.162-1 shall be paid.

Date: _____

SO ORDERED:

_____
AMIT P. MEHTA
United States District Court Judge