UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
--------------------------------------------------------x
WILLIAM LEE, *et al.*,                                  :
                                                        :        **Case No. 19-cv-830 (APM)**
                                   Plaintiffs,           :
                                                        :
                     -against-                          :
                                                        :
ISLAMIC REPUBLIC OF IRAN,                               :
                                                        :
                                   Defendant.           :
--------------------------------------------------------x

## STATUS REPORT

Plaintiffs write in connection with their Notice of New Authority dated April 9, 2024 (ECF No. 133), relating to *Borochov v. Islamic Republic of Iran*, 94 F.4th 1053 (D.C. Cir. 2024), which held that 28 U.S.C. § 1605A requires a completed extrajudicial killing. Plaintiffs listed six attacks and 15 individual Plaintiffs potentially affected by the *Borochov* decision and explained that Plaintiffs' counsel were making detailed inquiries into each of these attacks to determine if deaths did in fact occur as a result of them. *See* ECF No. 133 at 2. Accordingly, Plaintiffs requested that the Court hold in abeyance any determinations regarding those attacks and individual Plaintiffs "until further legal and factual issues resulting from the *Borochov* decision are resolved." *Id.* at 3. To that end, Plaintiffs proposed filing a status report apprising the Court on their evidence collection process and any further disposition of the *Borochov* appeal within 120 days. *See id.*

Plaintiffs identified additional evidence of a completed extrajudicial killing in one of the affected attacks—the April 4, 2007, attack in which Ryan Sabinish was injured. Plaintiffs summarize that evidence below and attach it hereto, and then apprise the Court of further proceedings relating to the *Borochov* appeal.

A.      **The April 4, 2007, attack included a completed extrajudicial killing.**

Plaintiffs' counsel has thus far identified evidence of a completed extrajudicial killing in the April 4, 2007, attack in which Ryan Sabinish was injured, and are accordingly proffering that evidence. **Exhibit A** attached hereto consists of the Declaration of Ryan Sabinish ("Sabinish Decl."), in which Mr. Sabinish described how the lead vehicle of his three-vehicle convoy was struck by an Explosively Formed Penetrator during the same complex attack in which an Improvised Explosive Device also detonated, striking an Iraqi civilian vehicle. *See* Sabinish Decl. at ¶¶ 5-6. Mr. Sabinish dismounted from his vehicle to perform perimeter security, at which point the Iraqi civilian vehicle attempted to pass. Mr. Sabinish described how he witnessed two injured children in that vehicle, a boy with "a severe abdominal injury" in the back seat and a young girl "visibly wounded with a head injury" in the front seat. *Id.* at ¶ 7. Mr. Sabinish "watched the boy in the back seat die in his mother's arms." *Id.* His declaration attaches as **Exhibit A-1** excerpts from his medical records dated October 29, 2008, in which he described that event. That exhibit is filed under seal because its contents include sensitive medical records and information.

**Exhibit B**, also filed under seal, consists of the Forensic Psychiatric Evaluation of Ryan Sabinish by Ziv E. Cohen, M.D., F.A.P.A. ("Sabinish Evaluation"), dated September 13, 2020, which was submitted under seal in the related case of *Karcher v. Islamic Republic of Iran*, No. 16-cv-232 (CKK), ECF No. 120-25.[1] That evaluation also reflects Mr. Sabinish's description of the April 4, 2007, attack and the resulting extrajudicial killing of the civilian child. *See* Sabinish Evaluation at 6-7.

---

[1]      Mr. Sabinish bring claims in *Karcher* arising out of his injuries resulting from a different, earlier attack. The *Karcher* court granted default judgment against the Islamic Republic of Iran for that attack. *See* No. 16-cv-232 (CKK), 2021 U.S. Dist. LEXIS 7170, at *118 (D.D.C. Jan. 14, 2021) ("[U]pon review of the record evidence regarding the March 23, 2007 attack, along with the broader evidence of Iran's use of EFPs in Iraq, the Court finds that Iran and its proxies bear responsibility for the EFP attack that injured Spc. Sabinish."). At the *Karcher* plaintiffs' request, the *Karcher* court has held Mr. Sabinish's claims arising out of the March 23, 2007, attack in abeyance pending further disposition of the *Borochov* appeal. *See* No. 16-cv-232, ECF No. 165.

**B.** **Plaintiffs respectfully request the Court hold in continued abeyance determinations regarding the other five attacks and implicated Plaintiffs pending further disposition of *Borochov.***

On April 25, 2024, the D.C. Circuit denied the *Borochov* appellants' petition for rehearing *en banc*. *See* 22-7058 (D.C. Cir. Apr. 25, 2024). Appellants are filing a petition for writ of *certiorari*. They requested an extension to file the petition by September 9, 2024, which the Supreme Court granted.

In their Notice of New Authority, Plaintiffs added that if the D.C. Circuit's *Borochov* decision is not ultimately clarified or reversed, they may raise additional evidence or arguments, including that a string of closely related attacks targeting Americans "should be deemed part of the same 'act or incident,'" as the D.C. Circuit held may be the case in *Van Beneden v. Al-Sanusi*, 709 F.3d 1165, 1168 (D.C. Cir. 2013). ECF No. 165 at 5 n.1. Plaintiffs presented this argument on July 1, 2024, in the related case of *Stearns v. Islamic Republic of Iran*, No. 17-cv-131 (RCL), ECF No. 131, relating to eight attacks affected by *Borochov*, one of which (the April 25, 2006, attack) overlaps with one of the six at issue here. That argument is *sub judice*.

Plaintiffs respectfully request that this Court continue to hold in abeyance any determinations regarding the affected attacks and Plaintiffs (aside from the April 4, 2007, attack discussed above), and propose that they file a further status report in no more than 150 days apprising this Court on any further disposition of the *Borochov* appeal and any order issued in *Stearns*.

Dated: August 6, 2024

<div style="margin-left:50%">

Respectfully submitted,

OSEN LLC

By:   /s/ Gary M. Osen
     Gary M. Osen (DC Bar No. NJ009)
     Ari Ungar (DC Bar No. NJ008)
     Michael J. Radine (DC Bar No. NJ015)
     Dina Gielchinsky (DC Bar No. NJ011)
     190 Moore Street, Suite 272
     Hackensack, NJ 07601
     Tel. (201) 265-6400

     TURNER & ASSOCIATES, P.A.
     C. Tab Turner
     4705 Somers Avenue, Suite 100
     North Little Rock, AR 72116
     Tel. (501) 791-2277

     *Attorneys for Plaintiffs*

</div>