UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLIAM LEE, *et al.*,   )<br>)<br>　Plaintiffs,　　　　　　　　　　)<br>)<br>　　v.　　　　　　　　　　　　　)<br>)<br>ISLAMIC REPUBLIC OF IRAN,　)<br>)<br>　Defendant.　　　　　　　　　　)<br>)  | Case No. 19-cv-00830 (APM) |

## MEMORANDUM OPINION

**I.　INTRODUCTION**

This Memorandum Opinion addresses the recommended damages awards for two Plaintiffs, Nicholas Gene Koulchar and Preston Charles Kaplan, as contained in Special Master Stephen A. Saltzburg's June 24, 2024 report submitted to the court. For the reasons stated below, the court adopts the Special Master's recommendations.

**II.　PROCEDURAL BACKGROUND**

This case involves 99 attacks brought against the U.S. military by insurgents in Iraq who Plaintiffs allege were materially supported by Defendant Islamic Republic of Iran ("Iran"). The matter is brought by over 352 Plaintiffs, consisting of military servicemembers and contractors, their estates, and their family members. On February 1, 2021, the court granted Plaintiffs' motion for default judgment against Iran, finding Iran liable for four "bellwether" attacks involving the claims of 20 Plaintiffs. *Lee v. Islamic Republic of Iran*, 518 F. Supp. 3d 475, 496 (D.D.C. 2021) ("*Lee I*"). The court then referred the case to a Special Master, Professor Stephen A. Saltzburg, to prepare proposed findings of fact and recommendations for compensatory damages for the

20 Plaintiffs covered by the *Lee I* decision.  Order Appointing Prof. Stephen A. Saltzburg as Special Master, ECF No. 45, at 1–2.  The court instructed that the Special Master "shall be guided in reviewing and evaluating damages claims by Foreign Sovereign Immunities Act ('FSIA') opinions, including *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 269, 318 (D.D.C. 2006); *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 85 (D.D.C. 2010), and their progeny."  *Id.* at 2.

On January 30, 2023, the court granted Plaintiffs' motion for default judgment against Iran for the injuries of surviving Plaintiffs and Plaintiff-estates arising from an additional 27 non-bellwether attacks.  *Lee v. Islamic Republic of Iran*, 656 F. Supp. 3d 11, 57 (D.D.C. 2023) (*"Lee II"*).  On July 5, 2023, the court appointed two additional Special Masters, Jim Letten, Esq. and Franklin D. Rosenblatt, Esq., to take evidence and file reports and recommendations regarding the claims of 51 family member Plaintiffs and Plaintiff-estates covered by the *Lee II* decision.  Order Appointing Two Add'l Special Masters, ECF No. 86, at 1.  The damages claims of 17 surviving Plaintiffs granted default judgment by the court's *Lee II* decision were to be submitted to Special Master Saltzburg.  *See* Pls.' Mot. for the Appointment of Two Add'l Special Masters, ECF No. 85, at 2; Order Appointing Professor Stephen A. Saltzburg as Special Master Over 17 Surviving Plaintiffs Granted Default Judgment in the Court's January 30, 2023, Order, ECF No. 131, at 1–2.

Before the court is Special Master Saltzburg's Report and Recommendations Regarding Damages for Two Plaintiffs Identified in the Court's January 30, 2023 Order, ECF No. 134 [hereinafter Report].  This opinion addresses the damages recommended in the Report for the two Plaintiffs who were wounded in explosively formed penetrator ("EFP") attacks.  Plaintiffs have not objected to the Special Master's recommendations.  Notice of Non-Objection to Special Master's Report and Recommendations, ECF No. 136.

### III. DISCUSSION

This court already has concluded that Iran was liable for surviving Plaintiffs injuries under 28 U.S.C. § 1605A(c). *See Lee II*, 656 F. Supp. 3d at 56–57. "The only remaining questions, therefore, are what type of damages Plaintiffs are entitled to recover and in what amounts." *Fritz v. Islamic Republic of Iran*, 324 F. Supp. 3d 54, 59 (D.D.C. 2018). The two Plaintiffs each seek non-economic damages for claims of assault, battery, and intentional infliction of emotional distress. Report at 12, 24. Both Plaintiffs also seek economic damages for lost wages, benefits, and retirement pay. *Id*. at 22, 35. The issue before the court is whether the Special Master's calculation of the damages is appropriate and should be adopted.

### A. Non-Economic Damages

"Under the FSIA, a 'foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances.' Therefore, plaintiffs are entitled to the typical array of compensatory damages that may be awarded against tortfeasors in the plaintiffs' respective domiciliary states." *Peterson v. Islamic Republic of Iran*, 515 F. Supp. 2d 25, 51 (D.D.C. 2007) (quoting 28 U.S.C. § 1606).

#### 1. Applicable Damages Framework

"In *Peterson II*, this [District] Court adopted a general procedure for the calculation of damages that begins with the baseline assumption that persons suffering substantial injuries in terrorist attacks are entitled to $5 million in compensatory damages." *Wultz v. Islamic Republic of Iran*, 864 F. Supp. 2d 24, 37–38 (D.D.C. 2012). In *Valore*, the court entered damages reflecting an upward departure from the $5 million baseline to a range of $7.5–$12 million "in more severe instances of physical and psychological pain, such as where victims suffered relatively more

numerous and severe injuries, were rendered quadriplegic, partially lost vision and hearing, or were mistaken for dead . . . ." *Valore*, 700 F. Supp. 2d at 84 (internal quotation marks omitted). Other factors considered by courts under *Valore* include "the severity of the pain immediately following the injury, the length of hospitalization, and the extent of the impairment that will remain with the victim for the rest of his or her life." *Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 82 (D.D.C. 2011) (citing *Valore*, 700 F. Supp. 2d at 83–84).

This damages framework "has strong precedential support" in this Circuit, but the numbers "are not set in stone," such that a court "may award greater amounts in cases 'with aggravating circumstances . . . .'" *Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 79 (D.D.C. 2010) (quoting *Greenbaum v. Islamic Republic of Iran*, 451 F. Supp. 2d 90, 108 (D.D.C. 2006)).

Here, Plaintiffs have proposed, the Special Master recommends, and the court has previously adopted, *see* Mem. Op., ECF No. 98 [hereinafter Oct. 16, 2023 Mem. Op.], at 3–5, a modified damages framework that recognizes the aggravating circumstances suffered by servicemembers injured in EFP attacks:

| Category | Characteristic Injuries | Proposed Damages |
|---|---|---|
| 1 | Psychological injuries (without traumatic brain injury ("TBI") diagnosis/severe shrapnel/fractures/orthopedic injuries/polytrauma) | Baseline: $2 million<br>Range: $1.5–$8 million |
| 2 | Mild TBI with psychological injuries (without severe shrapnel/fractures/orthopedic injuries/polytrauma/traumatic amputations) | Baseline: $5 million<br>Range: $3–$7 million |
| 3 | Mild TBI with psychological injuries (with severe shrapnel/fractures/orthopedic injuries) | Baseline: $7 million<br>Range: $4–$10 million |
| 4 | Mild TBI with psychological injuries (with polytrauma/traumatic amputations) | Baseline: $15 million<br>Range: $10–$20 million |
| 5 | Moderate/severe TBI (without severe shrapnel/fractures/orthopedic injuries/polytrauma/traumatic amputations) | Baseline: $20 million<br>Range: $15–$25 million |
| 6 | Moderate/severe TBI (with severe shrapnel/fractures/orthopedic | Baseline: $30 million<br>Range: $25–$50 million |

| | injuries/polytrauma/traumatic amputations) | |

*See* Report at 3–4; *see also* Oct. 16, 2023 Mem. Op. at 4. The court accepted this framework after finding that "[t]he Special Master exhaustively detail[ed] the[] aggravating circumstances, which are major differences between injuries resulting from EFP attacks and other types of explosive warfare." Oct. 16, 2023 Mem. Op. at 4. The court found that "[t]he proposed framework is consistent with, and an appropriate enhancement to, the *Peterson II* and *Valore* framework." *Id.* at 5. The court again concludes that this proposed damage framework is appropriate in light of "the aggravating circumstances with respect to the [two] Plaintiffs' EFP injuries." *Id.*

    2.    *Award of Damages*

The two Plaintiffs are Nicholas Gene Koulchar and Preston Charles Kaplan.[1]

*Nicholas Gene Koulchar.* Sergeant Nicholas Gene Koulchar was injured in an EFP attack on August 26, 2008, for which this court found Iran responsible. *Lee II*, 656 F. Supp. 3d at 35. He has subsequently demonstrated symptoms consistent with mild TBI; suffered traumatic bilateral above-the-knee leg amputation; experienced nerve damage to his right hand resulting from a fracture; and has received a PTSD diagnosis. Report at 4, 11–22. The Special Master recommends that Sergeant Koulchar receive a damages award of $20 million, as he falls within Category 4 of the modified framework. *Id*. at 21. That amount is consistent with the framework set forth in *Peterson II*, *Valore*, and their progeny for injured servicemembers and consistent with

---

[1] Koulchar and Kaplan both survived their respective attacks. In *Borochov v. Islamic Republic of Iran*, 94 F.4th 1053 (D.C. Cir. 2024), the D.C. Circuit found it lacked subject-matter jurisdiction under 28 U.S.C. § 1605A "[b]ecause the perpetrator did not kill anyone in the attack that injured the [plaintiffs]." *Borochov*, 94 F.4th at 1060; *see also* 28 U.S.C. § 1605A(a)(1) (conferring FSIA jurisdiction over a case "in which money damages are sought against a foreign state for personal injury . . . that was caused by an act of . . . extrajudicial killing"). The Special Master concluded that "[t]he attacks that injured Nicholas Koulchar and Preston Kaplan were caused by an act of extrajudicial killing because the perpetrator killed a member of their unit in each of the terrorist attacks." Report at 11 n.2. The court agrees with the Special Master and finds exercise of subject-matter jurisdiction under § 1605A(a)(1) appropriate. *See Lee II*, 656 F. Supp. 3d at 47 (finding another soldier was killed in Kaplan's attack); *see* Pls.' Second Proposed Findings of Fact and Conclusions of Law, ECF No. 53, Ex. B, ECF No. 53-2, at 168–70 (citing official evidence of another soldier's death resulting from Koulchar's attack).

awards previously entered by this court. *See* Oct. 16, 2023 Mem. Op. at 6. The court adopts the Special Master's recommendation as to Sergeant Koulchar.

*Preston Charles Kaplan.* Specialist Preston Charles Kaplan was injured on April 29, 2008, during an EFP attack for which this court found Iran liable. *Lee II*, 656 F. Supp. 3d at 47–48. Specialist Kaplan has been diagnosed with mild TBI; suffered injuries that resulted in significant medical complications and eventually required a below-the-knee amputation of his right leg; was diagnosed with chronic PTSD; and screened positive for alcohol abuse and depression. Report at 24–34. Finding that Specialist Kaplan falls within category 4 of the modified framework, the Special Master has recommended that he receive $17 million in damages. *Id*. at 34. This amount is consistent with the framework set forth in *Peterson II*, *Valore*, and their progeny for injured servicemembers and consistent with awards previously entered by this court. *See* Oct. 16, 2023 Mem. Op. at 6–7. The court adopts the Special Master's recommendation as to Specialist Kaplan.

### B.   Economic Damages

"Section 1605A explicitly provides that foreign state-sponsors of terrorism are liable to victims for economic losses stemming from injuries or death sustained as a result of the foreign state's conduct." *Thuneibat v. Syrian Arab Republic*, 167 F. Supp. 3d 22, 48 (D.D.C. 2016) (citing 28 U.S.C. § 1605A(c)). "Traditionally, plaintiffs may prove economic losses by the submission of a forensic economist's expert report." *Fritz*, 324 F. Supp. 3d at 60. "When evaluating an expert's report, the Court must consider the reasonableness and foundation of the assumptions relied upon by the expert." *Id.* (internal quotation marks omitted).

Plaintiffs have submitted economic loss reports prepared by Dr. Stan V. Smith, which appraises the value of economic life for both Plaintiffs. Report, Decl. of John Eubanks, ECF No. 134-1, Exs. J & P. The Special Master noted that "Dr. Smith previously provided expert

6

reports regarding economic losses in a terrorism case." Report at 2 (citing *Miller v. Juarez Cartel*, No. 20-cv-132, 2022 WL 2286952 (D.N.D. June 24, 2022)). With respect to the Plaintiffs' economic damages claim, the Special Master has identified and stated the methodology that Dr. Smith used to calculate the economic loss as to each Plaintiff. *See* Report at 22, 35–36. Based on a review of the record, the court finds that Dr. Smith's calculations, and the assumptions Dr. Smith relied on, are reasonable. Accordingly, the court adopts the Special Master's recommendation as to the economic loss claims of both Plaintiffs—$4,393,725 for Sergeant Koulchar and $2,598,202 for Specialist Kaplan.

## IV. CONCLUSION

For the stated reasons, the court adopts the recommendations of the Special Master for the two Plaintiffs addressed in the Special Master's June 24, 2024 Report, ECF No. 134.

A separate Order and Judgment consistent with these findings accompanies this Memorandum Opinion.

Dated: May 19, 2025

Amit P. Mehta
United States District Judge