**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **WILLIAM LEE, *et al*.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**ISLAMIC REPUBLIC OF IRAN,**<br><br>**Defendant.** | ) | **Case No. 19-cv-00830 (APM)** |

**MEMORANDUM OPINION**

## I. INTRODUCTION

This Memorandum Opinion addresses the recommended damages awards for three Plaintiffs, Adam Mattis, Terrance Peterson, III, and James Gmachowski, as contained in Special Master Stephen A. Saltzburg's March 11, 2025 report submitted to the court. For the reasons stated below, the court adopts the Special Master's recommendations.

## II. PROCEDURAL BACKGROUND

This case involves 99 attacks brought against the U.S. military by insurgents in Iraq who Plaintiffs allege were materially supported by Defendant Islamic Republic of Iran ("Iran"). The matter is brought by over 352 Plaintiffs, consisting of military servicemembers and contractors, their estates, and their family members. On February 1, 2021, the court granted Plaintiffs' motion for default judgment against Iran, finding Iran liable for four "bellwether" attacks involving the claims of 20 Plaintiffs. *Lee v. Islamic Republic of Iran*, 518 F. Supp. 3d 475, 496 (D.D.C. 2021) ("*Lee I*"). The court then referred the case to a Special Master, Professor Stephen A. Saltzburg, to prepare proposed findings of fact and recommendations for compensatory damages for the

20 Plaintiffs covered by the *Lee I* decision. Order Appointing Prof. Stephen A. Saltzburg as Special Master, ECF No. 45, at 1–2. The court instructed that the Special Master "shall be guided in reviewing and evaluating damages claims by Foreign Sovereign Immunities Act ('FSIA') opinions, including *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 269, 318 (D.D.C. 2006); *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 85 (D.D.C. 2010), and their progeny." *Id.* at 2.

On January 30, 2023, the court granted Plaintiffs' motion for default judgment against Iran for the injuries of surviving Plaintiffs and Plaintiff-estates arising from an additional 27 non-bellwether attacks. *Lee v. Islamic Republic of Iran*, 656 F. Supp. 3d 11, 57 (D.D.C. 2023) (*"Lee II"*). On July 5, 2023, the court appointed two additional Special Masters, Jim Letten, Esq. and Franklin D. Rosenblatt, Esq., to take evidence and file reports and recommendations regarding the claims of 51 family member Plaintiffs and Plaintiff-estates covered by the *Lee II* decision. Order Appointing Two Add'l Special Masters, ECF No. 86, at 1. The damages claims of 17 surviving Plaintiffs granted default judgment by the court's *Lee II* decision were to be submitted to Special Master Saltzburg. *See* Pls.' Mot. for the Appointment of Two Add'l Special Masters, ECF No. 85, at 2; Order Appointing Professor Stephen A. Saltzburg as Special Master Over 17 Surviving Plaintiffs Granted Default Judgment in the Court's January 30, 2023, Order, ECF No. 131 [hereinafter Saltzburg Second Special Master Order], at 1–2.

Before the court is Special Master Saltzburg's Report and Recommendations Regarding Damages for Three Plaintiffs Identified in the Court's January 30, 2023 Order, ECF No. 154 [hereinafter Report]. This opinion addresses the damages recommended in the Report for the three Plaintiffs who were wounded in explosively formed penetrator ("EFP") attacks. No party has filed an objection to the Report, and the 21 days allotted to lodge objections pursuant to Federal Rule

of Civil Procedure 53(f)(2) have now elapsed. *See* Saltzburg Second Special Master Order at 3 ("Pursuant to Rule 53(f)(2), any party may file an objection to a finding, report, or recommendation by the Special Master within 21 days of the date it was electronically filed. Failure to meet this deadline results in permanent waiver of any objection to the Special Master's findings, reports, or recommendations.").

## III. DISCUSSION

This court already has concluded that Iran was liable for surviving Plaintiffs injuries under 28 U.S.C. § 1605A(c). *See Lee II*, 656 F. Supp. 3d at 56–57. "The only remaining questions, therefore, are what type of damages Plaintiffs are entitled to recover and in what amounts." *Fritz v. Islamic Republic of Iran*, 324 F. Supp. 3d 54, 59 (D.D.C. 2018). The three Plaintiffs each seek non-economic damages for claims of assault, battery, and intentional infliction of emotional distress. Report at 7, 37, 64. Two of the Plaintiffs, Terrance Peterson, III, and James Gmachowski, also seek economic damages for lost wages, benefits, and retirement pay. *Id*. at 61, 95. The issue before the court is whether the Special Master's calculation of the damages is appropriate and should be adopted.

### A. Non-Economic Damages

"Under the FSIA, a 'foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances.' Therefore, plaintiffs are entitled to the typical array of compensatory damages that may be awarded against tortfeasors in the plaintiffs' respective domiciliary states." *Peterson v. Islamic Republic of Iran*, 515 F. Supp. 2d 25, 51 (D.D.C. 2007) (quoting 28 U.S.C. § 1606).

*1. Applicable Damages Framework*

"In *Peterson II*, this [District] Court adopted a general procedure for the calculation of damages that begins with the baseline assumption that persons suffering substantial injuries in terrorist attacks are entitled to $5 million in compensatory damages." *Wultz v. Islamic Republic of Iran*, 864 F. Supp. 2d 24, 37–38 (D.D.C. 2012). In *Valore*, the court entered damages reflecting an upward departure from the $5 million baseline to a range of $7.5–$12 million "in more severe instances of physical and psychological pain, such as where victims suffered relatively more numerous and severe injuries, were rendered quadriplegic, partially lost vision and hearing, or were mistaken for dead . . . ." *Valore*, 700 F. Supp. 2d at 84 (internal quotation marks omitted). Other factors considered by courts under *Valore* include "the severity of the pain immediately following the injury, the length of hospitalization, and the extent of the impairment that will remain with the victim for the rest of his or her life." *Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 82 (D.D.C. 2011) (citing *Valore*, 700 F. Supp. 2d at 83–84).

This damages framework "has strong precedential support" in this Circuit, but the numbers "are not set in stone," such that a court "may award greater amounts in cases 'with aggravating circumstances . . . .'" *Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 79 (D.D.C. 2010) (quoting *Greenbaum v. Islamic Republic of Iran*, 451 F. Supp. 2d 90, 108 (D.D.C. 2006)).

Here, Plaintiffs have proposed, the Special Master recommends, and the court has previously adopted,[1] a modified damages framework that recognizes the aggravating circumstances suffered by servicemembers injured in EFP attacks:

| Category | Characteristic Injuries | Proposed Damages |
| --- | --- | --- |
| 1 | Psychological injuries (without traumatic brain injury ("TBI") diagnosis/severe shrapnel/ | Baseline: $2 million<br>Range: $1.5–$8 million |

[1] *See, e.g.,* Mem. Op., ECF No. 98 [hereinafter Oct. 16, 2023 Mem. Op.], at 3–5; Mem. Op., ECF No. 159 [hereinafter May 19, 2025 Mem. Op.], at 3–5.

| | | |
|---|---|---|
| | fractures/orthopedic injuries/polytrauma) | |
| 2 | Mild TBI with psychological injuries (without severe shrapnel/fractures/orthopedic injuries/polytrauma/traumatic amputations) | Baseline: $5 million<br>Range: $3–$7 million |
| 3 | Mild TBI with psychological injuries (with severe shrapnel/fractures/orthopedic injuries) | Baseline: $7 million<br>Range: $4–$10 million |
| 4 | Mild TBI with psychological injuries (with polytrauma/traumatic amputations) | Baseline: $15 million<br>Range: $10–$20 million |
| 5 | Moderate/severe TBI (without severe shrapnel/fractures/orthopedic injuries/ polytrauma/traumatic amputations) | Baseline: $20 million<br>Range: $15–$25 million |
| 6 | Moderate/severe TBI (with severe shrapnel/fractures/orthopedic injuries/polytrauma/traumatic amputations) | Baseline: $30 million<br>Range: $25–$50 million |

*See* Report at 3–4; *see also* Oct. 16, 2023 Mem. Op. at 4; May 19, 2025 Mem. Op. at 4–5**.** The court accepted this framework after finding that "[t]he Special Master exhaustively detail[ed] the[] aggravating circumstances, which are major differences between injuries resulting from EFP attacks and other types of explosive warfare." Oct. 16, 2023 Mem. Op. at 4. The court found that "[t]he proposed framework is consistent with, and an appropriate enhancement to, the *Peterson II* and *Valore* framework." *Id.* at 5. The court again concludes that this proposed damage framework is appropriate in light of "the aggravating circumstances with respect to the [two] Plaintiffs' EFP injuries." *Id.*

*2. Award of Damages*

The three Plaintiffs are Adam Mattis, Terrance Peterson, III, and James Gmachowski.[2]

[2] All three Plaintiffs survived their respective attacks. In *Borochov v. Islamic Republic of Iran*, 94 F.4th 1053 (D.C. Cir. 2024), the D.C. Circuit found it lacked subject-matter jurisdiction under 28 U.S.C. § 1605A "[b]ecause the perpetrator did not kill anyone in the attack that injured the [plaintiffs]." *Borochov,* 94 F.4th at 1060; *see also* 28 U.S.C. § 1605A(a)(1) (conferring FSIA jurisdiction over a case "in which money damages are sought against a foreign state for personal injury . . . that was caused by an act of . . . extrajudicial killing"). The Special Master concluded that the attacks at issue all "contained fatalities, in accordance with Plaintiffs' statement to this Court that they will only make further submissions in this case regarding attacks for which there is evidence of fatalities." Report at 3–4 (citing Notice of New Authority, ECF No. 133). The court agrees with the Special Master and finds exercise of subject-matter jurisdiction under § 1605A(a)(1) appropriate. *See Lee II*, 656 F. Supp. 3d at 36–37 (finding another soldier was killed in Mattis and Peterson's attack); *see id.* at 42 (finding two were killed in Gmachowski's attack).

*Adam Mattis*. Specialist Adam Mattis, then a Private First Class, was injured in an EFP attack on December 8, 2005, for which this court found Iran responsible. *Lee II*, 656 F. Supp. 3d at 37. He was diagnosed with a TBI and experiences cognitive deficits; suffers from permanent injury to his right arm caused by shrapnel being lodged into his body during the attack; has been diagnosed with several psychological conditions, including depression, PTSD, and "Adjustment Disorder" with anxiety; and, relatedly, has had a positive screening for alcoholism. Report at 7–34. The Special Master recommends that Specialist Mattis receive a damages award of $7 million, as he falls within Category 3 of the modified framework. *Id.* at 35. That amount is consistent with the framework set forth in *Peterson II*, *Valore*, and their progeny for injured servicemembers and consistent with awards previously entered by this court. *See* Oct. 16, 2023 Mem. Op. at 5. The court adopts the Special Master's recommendation as to Specialist Mattis.

*Terrance Peterson, III*. Captain Terrance Peterson, III, then a Second Lieutenant, was injured in the same December 8, 2005 EFP attack as Specialist Mattis. *Lee II*, 656 F. Supp. 3d at 37. Captain Peterson has been diagnosed with TBI and experiences continuing symptoms, including headaches and cognitive deficits; suffered fractures to all four extremities due to the blast, requiring several surgeries; was subject to shrapnel injuries all over his body, resulting in deep lacerations; required a skin graft; and was diagnosed with PTSD and alcohol abuse. Report at 37–59. Finding that Captain Peterson falls within category 3 of the modified framework, the Special Master has recommended that he receive $10 million in damages, corresponding to the highest end of the range of awards for category 3 victims. *Id.* at 59–61. This amount is consistent with the framework set forth in *Peterson II*, *Valore*, and their progeny for injured servicemembers. The court adopts the Special Master's recommendation as to Captain Peterson.

*James Gmachowski*. Staff Sergeant James Gmachowski, then a Private Second Class, was injured in an EFP attack on October 22, 2006, for which this court found Iran responsible. *Lee II*, 656 F. Supp. 3d at 42. He was diagnosed with a TBI and experiences continuing symptoms, including sleep issues, headaches, and hearing loss; suffered a severe shrapnel injury and burn to his back resulting in tissue and muscle atrophy and continued pain; has been diagnosed with several psychological disorders, including PTSD, depression, anxiety, and alcohol abuse, requiring hospitalization; and has experienced complications with the amount of medication he has been required to take since the attack. Report at 63–93. Finding that Staff Sergeant Gmachowski falls within category 3 of the modified framework, the Special Master has recommended that he receive $10 million in damages, corresponding to the highest end of the range of awards for category 3 victims. *Id*. at 93–95. That amount is consistent with the framework set forth in *Peterson II*, *Valore*, and their progeny for injured servicemembers. The court adopts the Special Master's recommendation as to Staff Sergeant Gmachowski.

**B. Economic Damages**

"Section 1605A explicitly provides that foreign state-sponsors of terrorism are liable to victims for economic losses stemming from injuries or death sustained as a result of the foreign state's conduct." *Thuneibat v. Syrian Arab Republic*, 167 F. Supp. 3d 22, 48 (D.D.C. 2016) (citing 28 U.S.C. § 1605A(c)). "Traditionally, plaintiffs may prove economic losses by the submission of a forensic economist's expert report." *Fritz*, 324 F. Supp. 3d at 60. "When evaluating an expert's report, the Court must consider the reasonableness and foundation of the assumptions relied upon by the expert." *Id.* (internal quotation marks omitted).

Peterson and Gmachowski have submitted economic loss reports prepared by Dr. L. Wayne Plumly, Jr., which appraises the value of economic life for both Plaintiffs. Report, Decl. of Dina

Gielchinsky, ECF No. 154-1, Exs. Y & EE. The Special Master noted that "Dr. Plumly submitted forensic economic expert reports for other Plaintiffs in this case, which were adopted by this Court." Report at 4 (citing Oct. 16, 2023 Mem. Op. at 7; Mem. Op., ECF No. 105, at 4–5, 7; Mem. Op., ECF No. 123, at 12). With respect to the Plaintiffs' economic damages claim, the Special Master has identified and stated the methodology that Dr. Plumly used to calculate the economic loss as to each Plaintiff. *See* Report at 61–63, 95–97. Based on a review of the record, the court finds that Dr. Plumly's calculations, and the assumptions Dr. Plumly relied on, are reasonable. Accordingly, the court adopts the Special Master's recommendation as to the economic loss claims of both Plaintiffs—$548,153.33 for Captain Peterson and $2,675,719.90 for Staff Sergeant Gmachowski.

## IV. CONCLUSION

For the stated reasons, the court adopts the recommendations of the Special Master for the two Plaintiffs addressed in the Special Master's March 11, 2025 Report, ECF No. 154.

A separate Order and Judgment consistent with these findings accompanies this Memorandum Opinion.

Dated: May 20, 2025

Amit P. Mehta
United States District Judge