UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

-------------------------------------------------------x

WILLIAM LEE, *et al.*,            :

             :     **Case No. 19-cv-830 (APM)**

         Plaintiffs,   :

             :

      -against-      :

             :

ISLAMIC REPUBLIC OF IRAN,    :

             :

         Defendant.  :

-------------------------------------------------------x

## STATUS REPORT

Further to this Court's Minute Order dated June 11, 2025, Plaintiffs write in connection with their Notice of New Authority dated April 9, 2024 (ECF No. 133), relating to *Borochov v. Islamic Republic of Iran*, 94 F.4th 1053 (D.C. Cir. 2024), which held that 28 U.S.C. § 1605A requires a completed extrajudicial killing. Plaintiffs listed six attacks and 15 individual Plaintiffs potentially affected by the *Borochov* decision and explained that Plaintiffs' counsel were making detailed inquiries into each of these attacks to determine if deaths did in fact occur as a result of them. *See* ECF No. 133 at 2. Plaintiffs identified additional evidence of a completed extrajudicial killing in one of the affected attacks – the April 4, 2007, attack in which Ryan Sabinish was injured. Plaintiffs submitted that evidence in their status report dated August 6, 2024, ECF No. 147, which is *sub judice*.

Plaintiffs also reported in their status report that they had presented an argument in the related case of *Stearns v. Islamic Republic of Iran*, No. 17-cv-131 (RCL) (D.D.C.), ECF No. 131, regarding how a string of closely related attacks targeting Americans "should be deemed part of the same 'act or incident,'" as the D.C. Circuit held may be the case in *Van Beneden v. Al-Sanusi*, 709 F.3d 1165, 1168 (D.C. Cir. 2013). That argument remains *sub judice*.

Plaintiffs previously informed the Court that the *Borochov* appellants filed a petition for writ of *certiorari* on September 9, 2024. The Supreme Court denied certiorari on June 30, 2025. *See* No. 24-277 (June 30, 2025). Following the D.C. Circuit's invitation to pursue a legislative solution, *see* 94 F.4th at 1067 ("If Congress wishes more expansive coverage for acts of terrorism, it can amend the statute to permit it."), Plaintiffs and many others similarly situated are now working to pursue a statutory amendment. Plaintiffs accordingly seek the same relief recently granted by the courts in *Karcher v. Islamic Republic of Iran*, No. 16-cv-232 (CKK) (Oct. 30, 2025), and *Force v. Islamic Republic of Iran*, No. 16-cv-1468 (RDM) (D.D.C.) (Jul. 24, 2025), which face identical issues arising from *Borochov*. Each court stayed their respective case for a period of six months pending developments regarding a statutory amendment.

Accordingly, Plaintiffs respectfully request that the Court continue to hold in abeyance any determinations regarding the affected attacks and Plaintiffs (aside from the April 4, 2007, attack in which Ryan Sabinish was injured), and propose that they file a further status report on May 4, 2026, six months from today's date. However, Plaintiffs respectfully request that this Court ***not*** hold in abeyance any determinations regarding the combined 30 attacks submitted for a liability ruling on June 28, 2024, ECF No. 142, and August 7, 2024, ECF No. 149, which are not affected by *Borochov*.

Dated: November 3, 2025

Respectfully submitted,

OSEN LLC

By:   /s/ Gary M. Osen
Gary M. Osen (DC Bar No. NJ009)
Ari Ungar (DC Bar No. NJ008)
Michael J. Radine (DC Bar No. NJ015)
Dina Gielchinsky (DC Bar No. NJ011)
190 Moore Street, Suite 272
Hackensack, NJ 07601
Tel. (201) 265-6400

TURNER & ASSOCIATES, P.A.
C. Tab Turner
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
Tel. (501) 791-2277

*Attorneys for Plaintiffs*