**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| **WILLIAM LEE, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-cv-00830 (APM)** |
| | ) | |
| **ISLAMIC REPUBLIC OF IRAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION**

## I.   INTRODUCTION

This Memorandum Opinion addresses the recommended damages awards for three Plaintiffs, Kurtiss Lamb, John Kirby, and Victor Ray Wise, II, as contained in Special Master Stephen A. Saltzburg's Report and Recommendations Regarding Damages for 3 Plaintiffs Identified in the Court's January 30, 2023, Order, ECF No. 180 [hereinafter Report], submitted to the court on December 12, 2025.  For the reasons stated below, the court adopts the Special Master's recommendations.

## II.   PROCEDURAL BACKGROUND

This case involves 99 attacks against the U.S. military by insurgents in Iraq who Plaintiffs allege were materially supported by Defendant Islamic Republic of Iran ("Iran").  The matter is brought by over 352 Plaintiffs, consisting of military servicemembers and contractors, their estates, and their family members.  On February 1, 2021, the court granted Plaintiffs' motion for default judgment against Iran, finding Iran liable for four "bellwether" attacks involving the claims of 20 Plaintiffs.  *Lee v. Islamic Republic of Iran* (*Lee I*), 518 F. Supp. 3d 475, 496 (D.D.C. 2021).

The court then referred the case to a Special Master, Professor Stephen A. Saltzburg, to prepare findings of fact and recommendations for compensatory damages for the 20 Plaintiffs in *Lee I*. *See* Order Appointing Prof. Stephen A. Saltzburg as Special Master, ECF No. 45, at 1–2. The court instructed that the Special Master "shall be guided in reviewing and evaluating damages claims by Foreign Sovereign Immunities Act ('FSIA') opinions, including *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 269, 318 (D.D.C. 2006); *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 85 (D.D.C. 2010), and their progeny." *Id.* at 2.

On January 30, 2023, the court granted Plaintiffs' motion for default judgment against Iran for the injuries of surviving Plaintiffs, Plaintiff-estates, and family-member Plaintiffs arising from an additional 27 attacks. *Lee v. Islamic Republic of Iran* (*Lee II*), 656 F. Supp. 3d 11, 57 (D.D.C. 2023). The damages claims of the 17 surviving Plaintiffs granted default judgment in *Lee II* were submitted to Special Master Saltzburg for a report and recommendation. *See* Order Appointing Professor Stephen A. Saltzburg as Special Master Over 17 Surviving Plaintiffs Granted Default Judgment in this Court's January 30, 2023, Order, ECF No. 131 [hereinafter Saltzburg 2d Special Master Order], at 1–2. Special Master Saltzburg thereafter filed two reports and recommendations regarding the damages claims of five of the 17 surviving Plaintiffs. *See* ECF Nos. 134, 154. The court adopted both reports as to compensatory damages. *See* Order & J., ECF No. 160; Order & J., ECF No. 162. The court also entered judgment as to punitive damages. *See* Order & J., ECF No. 183; Order & J., ECF No. 184.

Before the court is Special Master Saltzburg's recommendations regarding damages for three additional surviving Plaintiffs who were wounded in explosively formed penetrator ("EFP") attacks. *See* Report. No party has filed an objection to the Report, and the 21-day period for objections pursuant to Federal Rule of Civil Procedure 53(f)(2) has now elapsed. *See* Saltzburg

2d Special Master Order at 3 ("Pursuant to Rule 53(f)(2), any party may file an objection to a finding, report, or recommendation by the Special Master within 21 days of the date it was electronically filed.  Failure to meet this deadline results in permanent waiver of any objection to the Special Master's findings, reports, or recommendations.").

## III.    DISCUSSION

This court already has concluded that Iran was liable for surviving Plaintiffs' injuries under 28 U.S.C. § 1605A(c).  *See Lee II*, 656 F. Supp. 3d at 56–57.  "The only remaining questions, therefore, are what type of damages Plaintiffs are entitled to recover and in what amounts." *Fritz v. Islamic Republic of Iran*, 324 F. Supp. 3d 54, 59 (D.D.C. 2018).  The three Plaintiffs each seek non-economic damages for claims of assault, battery, and intentional infliction of emotional distress.  Report at 4, 51, 77, 115.  Two of the Plaintiffs, Kurtiss Lamb and Victor Ray Wise, II, also seek economic damages for lost wages, benefits, and retirement pay.  *Id*. at 4, 56, 124. All three seek punitive damages.  *Id.* at 126.  The issue before the court is whether the Special Master's calculation of the damages is appropriate and should be adopted.

### A.    Non-Economic Damages

"Under the FSIA, a 'foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances.'  Therefore, plaintiffs are entitled to the typical array of compensatory damages that may be awarded against tortfeasors in the plaintiffs' respective domiciliary states." *Peterson v. Islamic Republic of Iran* (*Peterson II*), 515 F. Supp. 2d 25, 51 (D.D.C. 2007) (quoting 28 U.S.C. § 1606).

#### 1.    Applicable Damages Framework

"In *Peterson II*, this [District] Court adopted a general procedure for the calculation of damages that begins with the baseline assumption that persons suffering substantial injuries in

terrorist attacks are entitled to $5 million in compensatory damages." *Wultz v. Islamic Republic of Iran*, 864 F. Supp. 2d 24, 37–38 (D.D.C. 2012). In *Valore*, the court entered damages reflecting an upward departure from the $5 million baseline to a range of $7.5 to $12 million "in more severe instances of physical and psychological pain, such as where victims suffered relatively more numerous and severe injuries, were rendered quadriplegic, partially lost vision and hearing, or were mistaken for dead." *Valore*, 700 F. Supp. 2d at 84 (internal quotation marks omitted). Other factors considered by courts under *Valore* include "the severity of the pain immediately following the injury, the length of hospitalization, and the extent of the impairment that will remain with the victim for the rest of his or her life." *Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 82 (D.D.C. 2011) (citing *Valore*, 700 F. Supp. 2d at 83–84).

This damages framework "has strong precedential support" in this circuit, but the numbers "are not set in stone," such that a court "may award greater amounts in cases 'with aggravating circumstances.'" *Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 79 (D.D.C. 2010) (quoting *Greenbaum v. Islamic Republic of Iran*, 451 F. Supp. 2d 90, 108 (D.D.C. 2006)).

Here, Plaintiffs have proposed, the Special Master recommends, and the court has previously adopted, a modified damages framework that recognizes the aggravating circumstances suffered by servicemembers injured in EFP attacks:

| Category | Characteristic Injuries | Proposed Damages |
|---|---|---|
| 1 | Psychological injuries (without traumatic brain injury ("TBI") diagnosis/severe shrapnel/fractures/orthopedic injuries/polytrauma) | Baseline: $2 million Range: $1.5–8 million |
| 2 | Mild TBI with psychological injuries (without severe shrapnel/fractures/orthopedic injuries/polytrauma/traumatic amputations) | Baseline: $5 million Range: $3–7 million |
| 3 | Mild TBI with psychological injuries (with severe shrapnel/fractures/orthopedic injuries) | Baseline: $7 million Range: $4–10 million |
| 4 | Mild TBI with psychological injuries (with polytrauma/traumatic amputations) | Baseline: $15 million Range: $10–20 million |

| 5 | Moderate/severe TBI (without severe shrapnel/fractures/orthopedic injuries/ polytrauma/traumatic amputations) | Baseline: $20 million Range: $15–25 million |
|---|---|---|
| 6 | Moderate/severe TBI (with severe shrapnel/fractures/orthopedic injuries/polytrauma/traumatic amputations) | Baseline: $30 million Range: $25–50 million |

*See* Report at 3; *see also* Mem. Op., ECF No. 98 [hereinafter Oct. 16, 2023 Mem. Op.], at 3–5; Mem. Op., ECF No. 159 [hereinafter May 19, 2025 Mem. Op.], at 3–5. The court accepted this framework after finding that "[t]he Special Master exhaustively detail[ed] the[] aggravating circumstances, which are major differences between injuries resulting from EFP attacks and other types of explosive warfare." Oct. 16, 2023 Mem. Op. at 4. The court found that "[t]he proposed framework is consistent with, and an appropriate enhancement to, the *Peterson II* and *Valore* framework." *Id.* at 5. The court again concludes that this proposed damages framework is appropriate in light of "the aggravating circumstances present with respect to the [three] Plaintiffs' EFP injuries." *Id.*

### 2. *Award of Damages*

The three Plaintiffs are Kurtiss Lamb, John Kirby, and Victor Wise, II.[1]

*Kurtiss Lamb.* Sergeant (Ret.) Kurtiss Lamb was injured in a multi-array EFP attack on November 13, 2006, for which this court found Iran responsible. *Lee II*, 656 F. Supp. 3d at 31. Lamb has been diagnosed with TBI and related cognitive deficits, including memory loss,

---

[1] All three Plaintiffs survived their respective attacks. In *Borochov v. Islamic Republic of Iran*, the D.C. Circuit held that, under 28 U.S.C. § 1605A, "an act of . . . extrajudicial killing" must result in the taking of another's life. 94 F.4th 1053, 1061 (D.C. Cir. 2024), *cert. denied*, 145 S. Ct. 2847 (2025); *see also Cabrera v. Islamic Republic of Iran*, No. 18-cv-2065 (JDB), 2025 WL 14237379, at *6–7 (D.D.C. May 16, 2025). "Individuals who sustain nonlethal injuries from an act of extrajudicial killing satisfy this jurisdictional element." *Lee v. Islamic Republic of Iran* (*Lee IV*), No. 19-cv-830 (APM), 2026 WL 1243433, at *17 (D.D.C. May 6, 2026). The Special Master concluded that the attacks at issue all "contained fatalities, in accordance with Plaintiffs' statements to this Court that they will only make further submissions in this case regarding attacks for which there is evidence of fatalities." Report at 4 (citing Notice of New Authority, ECF No. 133). The court agrees with the Special Master and finds continued subject matter jurisdiction over the three Plaintiffs' claims appropriate. *See Lee IV*, 2026 WL 1243433, at *17; *see also Lee II*, 656 F. Supp. 3d at 31, 43, 47.

difficulty concentrating, sleep apnea, and tinnitus; endured a punctured lung; suffered multiple shrapnel wounds that caused severe muscle, bone, and nerve damage to his shoulder, resulting in the loss of function of his rotator cuff; suffers from loss of sensation and use of his right hand; navigates numerous psychological difficulties, including PTSD, major depressive disorder, generalized anxiety disorder, and alcohol abuse; and manages daily chronic pain from these injuries and subsequent scarring. Report at 14–56. The Special Master recommends that Mr. Lamb receive a damages award of $10 million, as he falls within Category 3 of the modified framework. *Id*. at 56. The Special Master concluded that the high end of Category 3 was warranted because of the extent of Mr. Lamb's injuries. *Id.* That amount is consistent with the framework set forth in *Peterson II*, *Valore*, and their progeny for injured servicemembers and consistent with awards previously entered by this court. *See* Oct. 16, 2023 Mem. Op. at 5. The court adopts the Special Master's recommendation as to Kurtiss Lamb.

*John Kirby.* Special First Class (Ret.) John Kirby, then a Staff Sergeant, was injured in an EFP attack on April 6, 2007, for which this court found Iran responsible. *Lee II*, 656 F. Supp. 3d at 43–44. He exhibits symptoms of TBI, including cognitive impairment, memory loss, and severe headaches, and has been referred for consultation with a specialist for TBI evaluation and treatment; suffers from numerous psychological difficulties, including PTSD, adjustment disorder with anxiety, and alcohol abuse; and navigates ongoing tinnitus. Report at 60–83. The Special Master recommends that Mr. Kirby receive a damages award of $4.5 million, as he falls within Category 2 of the modified framework. *Id*. at 82–83. That amount is consistent with the framework set forth in *Peterson II*, *Valore*, and their progeny for injured servicemembers and consistent with awards previously entered by this court. *See* Oct. 16, 2023 Mem. Op. at 5. The court adopts the Special Master's recommendation as to John Kirby.

*Victor Ray Wise, II.*  Senior Airman (Ret.) Victor Ray Wise, II was injured in an EFP attack on September 8, 2009, for which this court found Iran responsible.  *Lee II*, 656 F. Supp. 3d at 48–49.  He has been diagnosed with TBI and experiences symptoms like difficulty concentrating and slowed processing and communication; suffered extensive shrapnel injuries in his legs that required removal of large portions of his thigh muscles and resulted in heterotopic ossification, permanent functional impairment, and subsequent degeneration in the spine; suffers from numerous psychological difficulties, including chronic PTSD and depressive disorder; and navigates chronic pain from these injuries as well as from scars and burns.  Report at 86–124.  The Special Master recommends that Mr. Wise receive a damages award of $10 million, as he falls within Category 3 of the modified framework.  *Id*. at 124.  The Special Master concluded that the high end of Category 3 was warranted because of the extent of Mr. Wise's injuries.  *Id.*  That amount is consistent with the framework set forth in *Peterson II*, *Valore*, and their progeny for injured servicemembers and consistent with awards previously entered by this court.  *See* Oct. 16, 2023 Mem. Op. at 5.  The court adopts the Special Master's recommendation as to Victor Ray Wise, II.

### B.    Economic Damages

"Section 1605A explicitly provides that foreign state-sponsors of terrorism are liable to victims for economic losses stemming from injuries or death sustained as a result of the foreign state's conduct."  *Thuneibat v. Syrian Arab Republic*, 167 F. Supp. 3d 22, 48 (D.D.C. 2016) (citing 28 U.S.C. § 1605A(c)).   "Traditionally, plaintiffs may prove economic losses by the submission of a forensic economist's expert report."  *Fritz*, 324 F. Supp. 3d at 60.  "When evaluating an expert's report, the Court must consider the reasonableness and foundation of the assumptions relied upon by the expert."  *Id.* (internal quotation marks omitted).

7

Lamb and Wise have submitted economic loss reports prepared by Dr. L. Wayne Plumly, Jr., which appraise the value of economic life for both Plaintiffs. Report, Decl. of Dina Gielchinsky, ECF No. 180-1, Exs. 14, 31. The Special Master noted that "Dr. Plumly submitted forensic economic expert reports for other Plaintiffs in this case, which were adopted by this Court." Report at 4 (citing Oct. 16, 2023 Mem. Op. at 7; Mem. Op., ECF No. 105, at 4–5, 7; Mem. Op., ECF No. 123, at 12; Mem. Op., ECF No. 161, at 7–8). With respect to these Plaintiffs' economic damages claims, the Special Master has identified and stated the methodology that Dr. Plumly used to calculate the economic loss as to each Plaintiff. *See* Report at 56–57, 124–26. Based on a review of the record, the court finds that Dr. Plumly's calculations and the assumptions Dr. Plumly relied on are reasonable. Accordingly, the court adopts the Special Master's recommendation as to the economic loss claims of both Plaintiffs—$3,113,589.05 for Kurtiss Lamb and $1,113,463.98 for Victor Ray Wise, II.

### C.    Punitive Damages

The court has previously held that Plaintiffs are entitled to punitive damages for harms caused by all attacks in this case. *See* Mem. Op. & Order, ECF No. 145, at 1–3. It also determined that the appropriate punitive damages award would be the equivalent of the compensatory damages multiplied by two. *Id.* at 8. The Special Master has applied that calculation to recommend punitive damages awards of $26,227,178.10; $9,000,000; and $22,266,927.96 for Lamb, Kirby, and Wise, respectively. *See* Report at 126 & n.575. The court therefore adopts the Special Master's recommendations as to punitive damages.

## IV.    CONCLUSION

For the foregoing reasons, the court adopts the recommendations of the Special Master for the three Plaintiffs addressed in the Special Master's December 12, 2025 Report, ECF No. 180.

A separate Order and Judgment consistent with these findings accompanies this Memorandum Opinion.

Dated:  May 7, 2026

Amit P. Mehta
United States District Judge

9