UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM LEE, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 19-cv-00830 (APM) |
| ISLAMIC REPUBLIC OF IRAN, | ) ) ) | |
| Defendant. | ) ) ) | |

MEMORANDUM OPINION

## I.    INTRODUCTION

This Memorandum Opinion addresses the recommended damages awards for Plaintiff Petra Spialek as contained in Special Master Franklin Rosenblatt's Report and Recommendation Regarding Damages for One Plaintiff Identified in the Court's January 30, 2023, Order, ECF No. 186 [hereinafter Report], submitted to the court on April 20, 2026.  For the reasons stated below, the court adopts the Special Master's recommendation.

## II.    PROCEDURAL BACKGROUND

This case involves 99 attacks against the U.S. military by insurgents in Iraq who Plaintiffs allege were materially supported by Defendant Islamic Republic of Iran ("Iran").  The matter is brought by over 352 Plaintiffs, consisting of military servicemembers and contractors, their estates, and their family members.  This court has now found Iran liable under the Foreign Sovereign Immunities Act (FSIA) for four "bellwether" attacks involving the claims of 20 Plaintiffs, *Lee v. Islamic Republic of Iran* (*Lee I*), 518 F. Supp. 3d 475, 496 (D.D.C. 2021), and the injuries of surviving Plaintiffs and Plaintiff-estates arising from 27 additional attacks, *Lee v. Islamic Republic*

*Iran* (*Lee II*), 656 F. Supp. 3d 11, 56–57 (D.D.C. 2023).  In *Lee II*, however, the court did not make findings as to Iran's liability for the claims of family-member Plaintiffs due to the absence of proof satisfying the threshold requirements that a FSIA plaintiff (1) have a qualifying relationship to the victim, *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 400 (D.D.C. 2015), and (2) be a national of the United States at the time of the attack, 28 U.S.C. § 1605A(c)(1).  *Lee II*, 656 F. Supp. 3d at 57.

On July 5, 2023, the court appointed two Special Masters, Jim Letten and Franklin Rosenblatt, to take evidence and file reports and recommendations regarding the claims of the 51 family-member Plaintiffs and Plaintiff estates covered by *Lee II*.  *See* Order Appointing Two Additional Special Masters, ECF No. 86.  The court instructed that the Special Masters "be guided in reviewing and evaluating damages claims by cases brought under the Terrorism Exception to the [FSIA], 28 U.S.C. § 1605A, including *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 269, 318 (D.D.C. 2006), and *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 85 (D.D.C. 2010)."  *Id.* at 4.  Special Master Letten thereafter filed two reports and recommendations regarding the damages claims of 21 family-member Plaintiffs. *See* ECF Nos. 96, 137.  The court adopted both reports as to compensatory damages.  *See* Order & J., ECF No. 114; Order & J., ECF No. 165.  The court also entered judgment as to punitive damages.  *See* Order & J., ECF No. 146; Order & J., ECF No. 185.

Before the court is Special Master Rosenblatt's recommendation regarding damages for the solatium claim of Plaintiff Petra Spialek, who is the mother of Plaintiff Second Lieutenant ("2LT") Terrance Peterson, III.  *See* Report.  No party has filed an objection to the Report, and the 21-day period for objections pursuant to Federal Rule of Civil Procedure 53(f)(2) has now elapsed. *See* Notice of New Legislative Development, ECF No. 190, at 1–2.

## III.    DISCUSSION

### A.    Liability

"Solatium claims under the FSIA are functionally identical to claims for intentional infliction of emotional distress." *Moradi v. Islamic Republic of Iran*, 77 F. Supp. 3d 57, 71–72 (D.D.C. 2015) (internal quotation marks omitted). "They are intended to compensate persons for mental anguish, bereavement, and grief that those with a close personal relationship to a decedent experience, as well as the harm caused by the loss of the decedent's society and comfort." *Id.* (cleaned up). Under the FSIA, "United States nationals or their legal representatives have standing to bring a cause of action for damages including solatium where personal injury or death results from state sponsored terrorism." *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, 29 (D.D.C. 1998) (citing 28 U.S.C. § 1605A(c)). While solatium "began as a remedy for the loss of a spouse or a parent," "[i]t has since expanded to include the loss of a child." *Id.* at 29.

In *Lee II*, the court found Iran liable for the attack on December 8, 2005, in Baghdad, Iraq that injured 2LT Peterson. 656 F. Supp. 3d at 36–37.[1] But the court deferred finding Iran liable for the claims of family-member Plaintiffs due to the absence of proof satisfying two of the FSIA's threshold requirements for solatium claims. *Id.* at 57 (finding that family-member Plaintiffs failed to sufficiently support the FSIA's nationality and immediate-family requirements). Special Master Rosenblatt's Report addresses those deficiencies as to Petra Spialek. With respect to nationality, the Report cites Petra Spialek's United States passport. *See* Report at 3. And with respect to the

---

[1] 2LT Peterson survived his attack. In *Borochov v. Islamic Republic of Iran*, the D.C. Circuit held that, under 28 U.S.C. § 1605A(a)(1), "an act of . . . extrajudicial killing" must result in the taking of another's life. 94 F.4th 1053, 1061 (D.C. Cir. 2024), *cert. denied*, 145 S. Ct. 2847 (2025); *see also Cabrera v. Islamic Republic of Iran*, No. 18-cv-2065 (JDB), 2025 WL 14237379, at *6–7 (D.D.C. May 16, 2025). "Individuals who sustain nonlethal injuries from an act of extrajudicial killing satisfy this jurisdictional element." *Lee v. Islamic Republic of Iran* (*Lee IV*), No. 19-cv-830 (APM), 2026 WL 1243433, at *17 (D.D.C. May 6, 2026). The court therefore finds continued subject matter jurisdiction over the claims of 2LT Peterson and Petra Spialek appropriate. *See id.*

immediate-family member requirement, Petra Spialek is 2LT Peterson's mother, so she is permitted to bring a solatium claim arising from her son's injuries. *Roth*, 78 F. Supp. 3d at 400.

Petra Spialek experienced significant suffering as a result of her son's injuries. The day she saw her son at the hospital after the attack, "she froze at the doorway," because the "sight was worse than [she] imagined." Report at 5. The weeks she spent at the hospital with 2LT Peterson "were among the most challenging of [her] life" because he "was in great pain, and there was little [she] could do to ease it." *Id.* at 6. Her son's lengthy rehabilitation put even further strain on her as she spent six months with him at a recovery facility assisting him with "exhausting daily routine[s]" while working her own job at night "to keep life afloat." *Id.* All the while, she "felt incredibly isolated and lonely," *id.* at 6–7, and to this day feels "helpless" as to her son's injuries, *id.* at 8. The court therefore agrees with Special Master Rosenblatt that Petra Spialek is entitled to recover solatium damages arising from 2LT Peterson's injuries.

### B.  Damages

"In determining the appropriate award of damages for solatium, the Court may look to prior decisions awarding damages for intentional infliction of emotional distress as well as to decisions regarding solatium." *Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 78 (D.D.C. 2010) (internal quotation marks omitted). This district "has developed a general framework for the calculation of proper damage awards in FSIA cases" based on principles articulated in *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 269–70 (D.D.C. 2006). *See Oveissi v. Islamic Republic of Iran*, 768 F. Supp. 2d 16, 26 (D.D.C. 2011). "Spouses typically receive greater damage awards than parents, who, in turn, receive greater awards than siblings," and "families of victims who have died are typically awarded greater damages than families of victims who remain alive." *Heiser*, 466 F. Supp. 2d at 269.

4

Under this framework, spouses of deceased victims receive $8 million, parents and children receive $5 million, and siblings receive $2.5 million. *Spencer v. Islamic Republic of Iran*, 71 F. Supp. 3d 23, 27 (D.D.C. 2014) (first citing *Heiser*, 466 F. Supp. 2d at 269; then citing *Valore*, 700 F. Supp. 2d at 85). Where the victim does not die but instead suffers injury, solatium awards are halved: spouses receive $4 million, parents and children receive $2.5 million, and siblings receive $1.25 million. *Id.* But these numbers "are not set in stone," and courts "may award greater amounts in cases with 'aggravating circumstances.'" *Valore*, 700 F. Supp. 2d at 85; *see also Fraenkel v. Islamic Republic of Iran, Ministry of Foreign Affs.*, 892 F.3d 348, 351 (D.C. Cir. 2018) ("District Court judges have discretion under 28 U.S.C. § 1608(e) to grant solatium awards based on the particular facts of each case, subject to abuse-of-discretion review for errors of law, clearly erroneous factual findings, and faulty reasoning.").

Here, the Special Master recommends a compensatory damages award of $2.5 million for Petra Spialek on her solatium claim and $5 million as punitive damages. Report at 8–9. Based on the findings the court has made regarding Petra Spialek and the award framework set forth in *Spencer* and *Valore*, the court agrees that Petra Spialek should be awarded $2.5 million in compensatory damages. The court also agrees that she should be awarded $5 million in punitive damages, as the figure comports with the court's determination that punitive damages shall be the equivalent of the compensatory damages multiplied by two. *See* Mem. Op. & Order, ECF No. 145, at 8; *id.* at 1–3 (holding that Plaintiffs are entitled to punitive damages for harms caused by all attacks in this case).

## IV.    CONCLUSION

For the foregoing reasons, the court adopts the recommendations of the Special Master Rosenblatt for Plaintiff Petra Spialek addressed in the Special Master's April 20, 2026 Report, ECF No. 186.

A separate Order and Judgment consistent with these findings accompanies this Memorandum Opinion.

Dated:  May 12, 2026

Amit P. Mehta
United States District Judge