**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| WILLIAM LEE, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 19-cv-00830 (APM) |
| ISLAMIC REPUBLIC OF IRAN, | ) ) ) | |
| Defendant. | ) ) ) | |

**AMENDED ORDER**

The court previously entered an Order "deny[ing] without prejudice" Plaintiff Ryan Sabinish's "request for an entry of judgment" of liability under the Foreign Sovereign Immunities Act (FSIA) against Defendant Islamic Republic of Iran ("Iran") for injuries suffered in an April 4, 2007 attack in Iraq. *See* Order, ECF No. 200. It did so because it found the evidence Sabinish provided insufficient to enter judgment in his favor. *Id.* Plaintiffs then clarified that liability as to the April 4, 2007 attack was already found in *Lee v. Islamic Republic of Iran* (*Lee II*), 636 F. Supp. 3d 11, 42–43 (D.D.C. 2023), and that the evidence was rather provided to "address the distinct issue raised by *Borochov v. Islamic Republic of Iran*, 94 F.4th 1053 (D.C. Cir. 2024), which held that the FSIA terrorism exception requires proof of a completed extrajudicial killing, not merely an attempted one." *See* Pls.' Resp. to the Court's May 7, 2026, Order, ECF No. 203, at 1–2.

The court hereby amends its previous Order as to Sabinish, ECF No. 200, to (1) acknowledge that liability as to the April 4, 2007 attack has already been determined in *Lee II* and (2) find that the April 4, 2007 attack involved an extrajudicial killing, such that continued subject matter jurisdiction over Sabinish's claims is appropriate.

In *Borochov*, the D.C. Circuit held that, under 28 U.S.C. § 1605A, "an act of . . . extrajudicial killing" must result in the taking of another's life. 94 F.4th at 1061; *see also Cabrera v. Islamic Republic of Iran*, No. 18-cv-2065 (JDB), 2025 WL 14237379, at *6–7 (D.D.C. May 16, 2025). "Individuals who sustain nonlethal injuries from an act of extrajudicial killing satisfy this jurisdictional element." *Lee v. Islamic Republic of Iran* (*Lee IV*), No. 19-cv-830 (APM), 2026 WL 1243433, at *17 (D.D.C. May 6, 2026).

Both before and after the *Borochov* decision, Sabinish stated that he witnessed the death of a child as a result of the April 4, 2007 attack. *See* ECF No. 54-2 [hereinafter 1st Sabinish Decl.], ¶ 8; ECF No. 147-1 [hereinafter 2d Sabinish Decl.], ¶ 7. Sabinish attests that, shortly after the lead vehicle in his convoy was struck by an EFP, *see Lee II*, 656 F. Supp. 3d at 43, a second IED struck a nearby civilian vehicle, injuring several child passengers. *See* 1st Sabinish Decl. ¶¶ 7–8; 2d Sabinish Decl. ¶ 7. He then witnessed one child die from injuries caused by that IED. *See* 1st Sabinish Decl. ¶ 8; 2d Sabinish Decl. ¶ 7. He recounted witnessing this death to medical professionals in 2008 and 2020. *See* ECF No. 148-1, 148-2. This evidence satisfies the court that the April 4, 2007 attack involved a completed extrajudicial killing. *See Owens v. Republic of Sudan*, 864 F.3d 751, 785 (D.C. Cir. 2017) ("[T]he quantum and quality of evidence that might satisfy a court can be less than that normally required."). Because the attack "resulted in a 'completed killing'" of another, *see Lee IV*, 2026 WL 1243433, at *17, Sabinish's claim as to the April 4, 2007 attack satisfies the extrajudicial-killing element of the FSIA.

Dated: May 12, 2026

Amit P. Mehta
United States District Judge

2