**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| WILLIAM LEE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-00830 (APM) |
| | ) | |
| ISLAMIC REPUBLIC OF IRAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

## I.   INTRODUCTION

This Memorandum Opinion addresses the recommended damages awards for 12 Plaintiffs as contained in Special Master Stephen A. Saltzburg's Report and Recommendations Regarding Damages for Twelve Plaintiffs Identified in the Court's April 28, 2026, and May 8, 2026, Orders, ECF No. 213 [hereinafter Report], submitted to the court on May 26, 2026.  For the reasons stated below, the court adopts the Special Master's recommendations.

## II.   PROCEDURAL BACKGROUND

This case involves 99 attacks against the U.S. military by insurgents in Iraq who Plaintiffs allege were materially supported by Defendant Islamic Republic of Iran ("Iran").  The matter is brought by over 352 Plaintiffs, consisting of military servicemembers and contractors, their estates, and their family members.  This court has now found Iran liable under the Foreign Sovereign Immunities Act (FSIA) for four "bellwether" attacks involving the claims of 20 Plaintiffs, *Lee v. Islamic Republic of Iran* (*Lee I*), 518 F. Supp. 3d 475, 496 (D.D.C. 2021), the injuries of Plaintiffs arising from 27 additional attacks, *Lee v. Islamic Republic Iran* (*Lee II*), 656 F. Supp. 3d 11, 56–

57 (D.D.C. 2023), and recently, the injuries of Plaintiffs arising from another 13 attacks, *Lee v. Islamic Republic of Iran* (*Lee III*), No. 19-cv-830, 2026 WL 1218585 (D.D.C. Apr. 28, 2026); Order, ECF No. 204; Order, ECF No. 212.

On May 1, 2026, the court appointed Special Master Stephen A. Saltzburg to take evidence and file reports and recommendations regarding the claims of the *Lee III* Plaintiffs.  *See* Order Appointing Professor Stephen A. Saltzburg as Special Master, ECF No. 192.  The court instructed that Special Master Saltzburg "be guided in reviewing and evaluating damages claims by Foreign Sovereign Immunities Act . . . opinions, including *Peterson v. Islamic Republic of Iran*, 515 F. Supp. 2d 25, 54–56 (D.D.C. 2007); *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 85 (D.D.C. 2010), and their progeny."  *Id.* at 2.

Before the court is Special Master Saltzburg's recommendations regarding damages for the solatium claims of 12 Plaintiffs who are family members of servicemembers killed in seven of the *Lee III* attacks.  *See generally* Report.  Plaintiffs do not object to the Report under Federal Rule of Civil Procedure 53(f)(2).  *See* Notice of Non-Objection to Report, ECF No. 214.

## III.    DISCUSSION

### A.    Liability

"Solatium claims under the FSIA are functionally identical to claims for intentional infliction of emotional distress."  *Moradi v. Islamic Republic of Iran*, 77 F. Supp. 3d 57, 71–72 (D.D.C. 2015) (internal quotation marks omitted).  "They are intended to compensate persons for mental anguish, bereavement, and grief that those with a close personal relationship to a decedent experience, as well as the harm caused by the loss of the decedent's society and comfort."  *Id.* (cleaned up).  Under the FSIA, "United States nationals or their legal representatives have standing to bring a cause of action for damages including solatium where personal injury or death

results from state sponsored terrorism." *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, 29 (D.D.C. 1998) (citing 28 U.S.C. § 1605A(c)). While solatium "began as a remedy for the loss of a spouse or a parent," "[i]t has since expanded to include the loss of a child." *Id.* at 29.

All 12 family-member Plaintiffs have satisfied the FSIA's nationality and immediate-family requirements. *See Lee III*, 2026 WL 1218585, at *18; Order, ECF No. 204. They are therefore all permitted to bring solatium claims arising from their family member's injuries. *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 400 (D.D.C. 2015). The court now makes findings as to the injuries suffered by each family-member Plaintiff.

### 1. Master Sergeant Tulsa Tuliau

Master Sergeant ("MSG") Tulsa Tuliau was killed in an attack on September 26, 2005, in FOB Rustamiyah, Iraq. The court previously found Iran liable for this attack. *Lee III*, 2026 WL 1218585, at *6.

*Masina Tuliau.* Plaintiff Masina Tuliau is MSG Tuliau's mother. Report at 3. Masina considered MSG Tuliau's birth a "true blessing." *Id.* After MSG Tuliau's death, Masina "found it difficult to eat or sleep," as she had "lost [her] baby boy, the remaining man in [her] family." *Id.* at 4. She has turned to her faith to "help her cope." *Id.* The court therefore agrees with Special Master Saltzburg that Masina Tuliau is entitled to recover solatium damages arising from MSG Tuliau's death.

### 2. Staff Sergeant Jay Collado

Staff Sergeant ("SSG") Jay Collado was killed in an attack on February 20, 2006, in Hindiyah, Iraq. The court previously found Iran liable for this attack. *Lee III*, 2026 WL 1218585, at *6–7.

3

*Judy Collado.*  Plaintiff Judy Collado is SSG Collado's widow.  Report at 5.  SSG Collado was a "devoted, loving husband" to Judy.  *Id.* at 6.  When SSG Collado deployed to Iraq, Judy was "scared and worried for his safety" and "feared the knock at her door telling her that her husband would not be coming home."  *Id.*  That day came on February 20, 2006, when officers came to Judy's home to notify her that SSG Collado had been killed.  *Id.* at 7–8.  At SSG Collado's funeral, his casket was closed because of the "brutal manner of his death," depriving Judy of "closure" and the opportunity to "say good-bye."  *Id.* at 8.  Because SSG Collado's body had not originally been returned intact, Judy continued to receive his body parts even after the funeral.  *Id.*  Judy was thus forced to bury her husband three times, each time reliving a "nightmare."  *Id.*  The death and repeated burials on top of caring for their daughter caused significant hardship.  *Id.*  The court therefore agrees with Special Master Saltzburg that Judy Collado is entitled to recover solatium damages arising from SSG Collado's death.

*Kaiya Collado.*  Plaintiff Kaiya Collado is SSG Collado's daughter.  *Id.* at 5.  Kaiya was only five years old when her father died and has experienced considerable difficulty from "navigating through life without a father."  *Id.* at 9–10.  When SSG Collado died, Kaiya lost not only her father's presence, but also the "relationship they would have built" and "the guidance he would have offered."  *Id.* at 11.  The court therefore agrees with Special Master Saltzburg that Kaiya Collado is entitled to recover solatium damages arising from SSG Collado's death.

### 3.    Captain Kevin Landeck

Captain ("CPT") Kevin Landeck was killed in an attack on February 2, 2007, in FOB Mahmudiyah, Iraq.  The court previously found Iran liable for this attack.  *Lee III*, 2026 WL 1218585, at *8.

4

*Victoria Landeck.*  Plaintiff Victoria Landeck is CPT Landeck's mother.  Report at 11–12. Victoria describes her relationship with her son "as a special and rare one."  *Id.* at 12.  When CPT Landeck deployed to Iraq in 2006, she was "consumed with the fear that something bad would happen."  *Id.* at 13.  After receiving the news of CPT Landeck's passing, Victoria "fell to the floor, in disbelief and heart wrenching pain," feeling that she had lost her "pride and joy."  *Id.* at 14. Victoria struggled to process the loss, as she felt like she "was watching a horror movie of [her] life."  *Id.*  At the funeral, CPT Landeck's "terribly disfigured" face was "a gruesome image" and a "heartbreaking reminder" of his last moments.  *Id.*  CPT Landeck's death has caused Victoria to feel that the "'fabric' of [her] family had been torn."  *Id.*  The court therefore agrees with Special Master Saltzburg that Victoria Landeck is entitled to recover solatium damages arising from CPT Landeck's death.

*Richard Landeck.*  Plaintiff Richard Landeck is CPT Landeck's father.  *Id.* at 11–12. CPT Landeck was Richard's "pride and joy."  *Id.* at 15.  Richard was "terrified" about his son's deployment to Iraq in 2006.  *Id.* at 16.  Hearing the news of his son's death the following year left Richard "in shock and in disbelief."  *Id.*  Having to then notify his wife made him feel "as if salt were being poured in [their] family's deep collective wound."  *Id.* at 17.  During the funeral, all Richard felt was "numb and traumatized."  *Id.*  The pain of CPT Landeck's death was "constant" and "difficult," and it caused Richard to feel he "had failed as a father" to keep his son safe.  *Id.* The court therefore agrees with Special Master Saltzburg that Richard Landeck is entitled to recover solatium damages arising from CPT Landeck's death.

### 4.     *Private First Class Cameron Payne*

Private First Class ("PFC") Cameron Payne was killed in an attack on June 11, 2007, in Baghdad, Iraq.  The court previously found Iran liable for this attack.  *Lee III*, 2026 WL 1218585, at *8–9.

*Denise Jackson.*   Plaintiff Denise Jackson is PFC Payne's mother.   Report at 18. PFC Payne was Jackson's "pride and joy."  *Id.*  When she was notified of her son's passing, Jackson "collapsed" and felt as if she were "moving through someone else's life."  *Id.* at 22.  At the wake, because PFC Payne had been "disfigured by injury," Jackson "clung to the possibility" that it was not her son laying in the casket.  *Id.*  PFC Payne's death "reshaped" Jackson's life, and she still struggles with "painful reminders" that often reopen "deep wounds."  *Id.* at 22–23.  Even after years, Jackson cannot "bear to look at [her] son's things."  *Id.* at 23.  Jackson will forever feel the "lasting impact" of her son's death and the "silence he left behind."  *Id.*  The court therefore agrees with Special Master Saltzburg that Denise Jackson is entitled to recover solatium damages arising from PFC Payne's death.

### 5.     *Private Second Class Randol Shelton*

Private Second Class ("PV2") Randol Shelton was killed in an attack on September 4, 2007, in New Baghdad, Iraq.  The court previously found Iran liable for this attack.  *Lee III*, 2026 WL 1218585, at *10–11.

*Darlene Shelton.*  Plaintiff Darlene Shelton is PV2 Shelton's mother.  Report at 24.  The day Darlene was notified of her son's death was "the worst day of [her] life."  *Id.* at 26.  For days, Darlene struggled to get out of bed, eat, or care for her other children.  *Id.* at 26–27.  Receiving PV2 Shelton's casket left Darlene "overwhelmed with emotion," and the funeral service felt like "living through a bad dream."  *Id.* at 27.  Being reminded of PV2 Shelton causes Darlene great

pain to this day: Foods that her son enjoyed bring her a sense of "deep sadness." *Id.* PV2 Shelton's birthdays remind Darlene of "all that has been lost" and "all he never had the chance to experience." *Id.* at 28. And photos of PV2 Shelton are reminders of both "happier times" and "intense loss." *Id.* at 25. The court therefore agrees with Special Master Saltzburg that Darlene Shelton is entitled to recover solatium damages arising from PV2 Shelton's death.

### 6. Staff Sergeant Laurent West

SSG Laurent West was killed in an attack on March 11, 2008, in Babil Province, Iraq. The court previously found Iran liable for this attack. *Lee III*, 2026 WL 1218585, at *11.

*Michelle West.* Plaintiff Michelle West is SSG West's widow. Report at 29. The night she received the "terrible news" that her husband had passed, Michelle's world "turned upside down." *Id.* at 33. The first year after SSG West's death was particularly "brutal." *Id.* Michelle struggled to attend her daughter's graduation, SSG West's funeral, and then her grandmother's funeral. *Id.* Holidays were another painful reminder of the time she would never get to spend with her husband. *Id.* Her mental health suffered, and she felt her future was "bleak and empty." *Id.* The court therefore agrees with Special Master Saltzburg that Michelle West is entitled to recover solatium damages arising from SSG West's death.

### 7. Corporal Brian Connelly

Corporal ("CPL") Brian Connelly was killed in an attack on February 26, 2009, in Baghdad, Iraq. The court previously found Iran liable for this attack. *Lee III*, 2026 WL 1218585, at *12.

*Kara Connelly.* Plaintiff Kara Connelly is CPL Connelly's widow. Report at 36. Kara struggled with CPL Connelly's absence during his deployment to Iraq. *Id.* at 38. That was greatly exacerbated when she received the news that CPL Connelly had died. Kara describes that moment

as "a bad dream [that] had been realized" and when the "life [she] knew was over." *Id.* at 39. Kara's mental and physical health took a toll in the year following CPL Connelly's death. *Id.* And the magnitude of the stress contributed to a diagnosis of multiple sclerosis. *Id.* at 40. Even today, Kara believes her life "remains uncomplete." *Id.* The court therefore agrees with Special Master Saltzburg that Kara Connelly is entitled to recover solatium damages arising from CPL Connelly's death.

*Jean Dammann.* Plaintiff Jean Dammann is CPL Connelly's mother. *Id.* at 35. On the night that Jean received the news of her son's passing, she "was unable to speak" from the shock. *Id.* at 44. In disbelief, Jean attempted to travel to see and confirm her son's body but was "consumed with rage" when she was informed that she could not. *Id.* CPL Connelly's death had serious consequences on Jean's mental and physical health, affecting her ability to work, maintain close personal relationships, and do activities she once enjoyed. *Id.* at 45. Jean's world has been turned "upside down" and her grief remains significant. *Id.* The court therefore agrees with Special Master Saltzburg that Jean Dammann is entitled to recover solatium damages arising from CPL Connelly's death.

*Mark Dammann.* Plaintiff Mark Dammann is CPL Connelly's stepfather. *Id.* at 47. The night Mark found out that his stepson had been killed, "[t]he only thing [he] could do was duct tape [his] wound," because his wife and their other son needed his help. *Id.* at 50. Mark worked a full-time job and took over household duties, trying to keep from "fall[ing] apart." *Id.* at 51. Alongside his family's grief, living through his own was "an assault on [his] emotional and physical wellbeing." *Id.* CPL Connelly's death has caused "irreparable damage" to Mark's family and Mark's life to "los[e] its luster." *Id.* at 51–52. The court therefore agrees with Special Master

8

Saltzburg that Mark Dammann is entitled to recover solatium damages arising from CPL Connelly's death.

*Kevin Connelly.* Plaintiff Kevin Connelly is CPL Connelly's brother. *Id.* at 53. CPL Connelly was the person Kevin "trusted most in the world." *Id.* The day Kevin learned about his brother's death was "surreal," and it took time for that fact to "sink in." *Id.* at 55. At CPL Connelly's wake, Kevin tried to "keep [his] emotions in check" but "lost control." *Id.* Kevin ultimately pulled away from his family and struggled to address his grief alone. *Id.* at 55–56. Since then, he has worked to "forget what happened" to his brother "because remembering what happened to him is still too painful." *Id.* at 57. The court therefore agrees with Special Master Saltzburg that Kevin Connelly is entitled to recover solatium damages arising from CPL Connelly's death.

### B. Damages

"In determining the appropriate award of damages for solatium, the Court may look to prior decisions awarding damages for intentional infliction of emotional distress as well as to decisions regarding solatium." *Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 78 (D.D.C. 2010) (internal quotation marks omitted). This district "has developed a general framework for the calculation of proper damage awards in FSIA cases" based on principles articulated in *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 269–70 (D.D.C. 2006). *See Oveissi v. Islamic Republic of Iran*, 768 F. Supp. 2d 16, 26 (D.D.C. 2011). "Spouses typically receive greater damage awards than parents, who, in turn, receive greater awards than siblings," and "families of victims who have died are typically awarded greater damages than families of victims who remain alive." *Heiser*, 466 F. Supp. 2d at 269.

9

Under this framework, spouses of deceased victims receive $8 million, parents and children receive $5 million, and siblings receive $2.5 million. *Spencer v. Islamic Republic of Iran*, 71 F. Supp. 3d 23, 27 (D.D.C. 2014) (first citing *Heiser*, 466 F. Supp. 2d at 269; then citing *Valore*, 700 F. Supp. 2d at 85). Where the victim does not die but instead suffers injury, solatium awards are halved: spouses receive $4 million, parents and children receive $2.5 million, and siblings receive $1.25 million. *Id.* But these numbers "are not set in stone," and courts "may award greater amounts in cases with 'aggravating circumstances.'" *Valore*, 700 F. Supp. 2d at 85; *see also Fraenkel v. Islamic Republic of Iran, Ministry of Foreign Affs.*, 892 F.3d 348, 351 (D.C. Cir. 2018) ("District Court judges have discretion under 28 U.S.C. § 1608(e) to grant solatium awards based on the particular facts of each case, subject to abuse-of-discretion review for errors of law, clearly erroneous factual findings, and faulty reasoning.").

Here, the Special Master recommends the following monetary awards for each of the 12 family-member Plaintiffs based on their relationship to the victim:

| Plaintiff | Solatium Claim | Punitive Damages Claim |
|---|---|---|
| Masina Tuliau | $5,000,000 | $10,000,000 |
| Judy Collado | $8,000,000 | $16,000,000 |
| Kaiya Collado | $5,000,000 | $10,000,000 |
| Victoria Landeck | $5,000,000 | $10,000,000 |
| Richard Landeck | $5,000,000 | $10,000,000 |
| Denise Jackson | $5,000,000 | $10,000,000 |
| Darlene Shelton | $5,000,000 | $10,000,000 |
| Michelle West | $8,000,000 | $16,000,000 |
| Kara Connelly | $8,000,000 | $16,000,000 |
| Jean Dammann | $5,000,000 | $10,000,000 |
| Mark Dammann | $5,000,000 | $10,000,000 |
| Kevin Connelly | $2,500,000 | $5,000,000 |

Based on the findings the court has made regarding these 12 family-member Plaintiffs and the award framework set forth in *Spencer* and *Valore*, the court agrees with Special Master Saltzburg that the 12 family-member Plaintiffs should receive the amount they each claim in solatium.

10

The court also agrees that the 12 Plaintiffs should be awarded the punitive damages they claim, as the figure comports with the court's determination that punitive damages shall be the equivalent of the compensatory damages multiplied by two.  *See* Mem. Op. & Order, ECF No. 145, at 8; *id.* at 1–3 (holding that Plaintiffs are entitled to punitive damages for harms caused by all attacks in this case).

## IV.    CONCLUSION

For the foregoing reasons, the court adopts the recommendations of Special Master Stephen A. Saltzburg's Report and Recommendations Regarding Damages for Twelve Plaintiffs Identified in the Court's April 28, 2026, and May 8, 2026, Orders, ECF No. 213.

A separate Order and Judgment consistent with these findings accompanies this Memorandum Opinion.

Dated:  May 28, 2026

Amit P. Mehta
United States District Judge